Crehore *v.* Pike.

———◆———

EDWARD CREHORE *versus* CHARLES PIKE *and others.*

Where a bond was given, under R. S., 1841, c. 123, § 8, and c. 124, § 13, on application for a review and stay of execution, conditioned that the obligors should pay the first judgment, "if such shall be the final judgment on review," and the verdict on review was for increased damages, and the Court rendered judgment against the original defendant for the excess, and for costs of review, all of which he paid, but did not pay the original judgment; — it was *held*, in a suit on the bond, that the judgment on review was, in effect, though not in terms, an affirmation of the original judgment, and a refusal to pay the latter was a breach of the conditions of the bond.

*It seems* that, under those statutes, the bond did not cover the judgment in review for the excess and costs.

On suggestion that the excess of the second verdict over the first consisted of accruing interest, the Court, unless the parties agree, will refer it to a Judge at *Nisi Prius* to determine what part of the excess was interest, if any, and to make an equitable deduction from the interest to be recovered in the suit on the bond.

DEBT ON BOND.   ON REPORT by TENNEY, C. J.

It appeared that the bond was given by the defendant Pike, with the other defendants as sureties,. for the purpose of procuring a stay of execution on a judgment recovered by Crehore against Pike, in order that the latter might bring an action of review.   ·

The condition of the bond was:—"That, whereas judgment was rendered against said Pike, in an action of assumpsit in favor of said Crehore, for the sum of one thousand seventy-eight dollars and two cents debt, and cost taxed at one hundred and five dollars and eleven cents, by the consideration of the Justices of the Supreme Judicial Court, begun and held at Farmington, within and for the county of Franklin, on the third Tuesday of October, A. D., 1852, and, by adjournment from day to day, on the twenty-third day of October, A. D., 1852;—and said Pike has applied by a petition that a review may be granted in said action, and that the Court grant or order a. stay of execution upon the judgment:— Therefore, if said Pike shall well and truly pay the said Crehore the amount of said judgment, if such shall be the final judgment on the review, with interest thereon from the date of this bond up to the time of rendition of judgment in the action on this bond, at the rate of twelve per cent. annually, then this deed shall be null and void; otherwise, to remain in full force and virtue."

On trial of the action of review, before a jury, October term, 1854, a verdict was rendered for the original plaintiff, against Pike, for $1110,50.   Exceptions were filed to the rulings of the presiding Judge, but afterwards overruled, and the following judgment was rendered.

"It is therefore considered by the Court here, that the said original plaintiff, having recovered on the review a greater sum for debt or damages than was awarded to him on the original judgment, recover judgment and execution against the original defendant, for the excess, to wit, the sum of one hundred and twenty-three dollars and seventy cents, and his costs on the review, taxed at $143,86."

Execution was issued on this judgment, and the amount was paid by Pike, leaving the amount of the first judgment unpaid.

This action was brought on the bond to enforce payment of the original judgment.

The case was reported, the full Court to render such judgment as the law and facts require.

*John S. Abbott,* for the plaintiff, argued that the judgment in the action of review was in exact conformity with the provisions of the statute. R. S., 1841, c. 124, § 9. ·

*J. H. Webster,* for the defendants, contended that the judgment on review had been fully paid, and that no suit could now be maintained on the bond.

The meaning of the statutes of 1841, c. 123, and c. 124, is obscure. The condition of the bond follows the exact words of the statute, and requires the obligors to pay " the amount of said judgment, if such shall be the *final judgment* on the review," &c.

Technical words in the statute are to be construed according to their received technical meaning. *Ex parte Hall,* 1 Pick., 261; *Smith* v. *Horsum,* 6 Mod., 143; Bac. Abr. Stat., J. 4. The term " final judgment" has a well defined technical meaning. It is the judgment of Court which puts an end to the action. All that precedes it is mere recital. 3 Black., 395. The " final judgment" on the review was for $123,70, and costs of review, and that has been paid. There is no allusion to the former judgment, except by way of recital. There is no affirmation or decree concerning it. Whether the verdict of the jury would have authorized an affirmation of the former judgment or not, the Court has not done it. The plaintiff, by taking judgment in this form, remitted the balance, or waived any rights he might have had under a proper judgment. *Whitwell* v. *Burnside,* 1 Met. 39.

The sureties on the bond bound themselves to pay the first judgment, if such should be the final judgment on the review.

Such not appearing to be the final judgment on the review, they are discharged.

The construction the plaintiff contends for would give him 6 per cent. interest on the first judgment, in addition to 12 per cent. on. the judgment on review, which the Legislature never could have contemplated. On examination, it will be found that the verdict on the review increased the original judgment only by adding the interest accrued.

*Abbott*, in reply.

The judgment on review conforms to the statute provision, and affirms the .original judgment in effect, although not in language. *Dunlap* v. *Burnham*, 38 Maine, 113; Howe's Practice, 532; *Billerica* v. *Carlisle*, 2 Mass., 159.

There is no evidence that the increased judgment on review was based on accruing interest. But if such were the case, the Court cannot examine it in this action; the judgment is to be taken as legal until reversed on *error*.

The opinion of the Court was drawn up by

KENT, J. — This is a suit upon a bond, given upon an application for a review and stay of execution; and the only questions are, whether the condition of the bond has been broken, so that the defendants are liable, and, if so, for what amount shall they be held. In the suit of the present plaintiff against Charles Pike, the plaintiff obtained a verdict and judgment thereon for $1078,02 damages, and $105,11 costs. Thereupon Pike applied for a review and a stay of execution, which stay was granted upon his filing the bond in suit. A review was also granted, and, upon trial of the review, the original plaintiff recovered a greater sum for debt or damage, than was awarded to him on the original judgment.

The record of the judgment in the review is, " that the original plaintiff, having recovered on the review a greater sum for debt or damages than was awarded to him on the original judgment, recover judgment and execution against the original defendant for the excess, to wit, the sum of one

hundred and twenty-three dollars and seventy cents, and his costs on the review."

The condition of the bond in suit is, (after reciting the first judgment and the application for a review and supersedeas,) that " said Pike shall well and truly pay to said Crehore the amount of said judgment, if such shall be the final judgment on review, with interest thereon from the date of this bond up to the time of rendition of judgment in the action on this bond, at the rate of twelve per cent. annually."

The defendant Pike has paid the amount of the execution rendered on the judgment on review for the excess and costs of review before stated. He and his sureties on the bond object to the plaintiff's recovery in this suit, on the ground that the final judgment on review contains no affirmation of, adjudication, judgment or decree, concerning the original judgment reviewed. They contend that the judgment is not, in terms or by necessary implication, " that said Pike shall well and truly pay to said Crehore the amount of the first judgment;" and that therefore the condition of the bond has not been broken, and could not be until such express judgment is given.

It is evident that the bond and the judgment in review are both in exact conformity with the statute requirements. (R. S. of 1841, c. 123, § 8, and c. 124, § 13.) If the plaintiff cannot recover on the bond, it must be because the requirements of the statute are insufficient, when strictly pursued, to give the security intended.

In giving a construction to the language of the condition, it is material to take into consideration the facts recited in the bond, and the intention of the Legislature in fixing the terms of the condition.

The original plaintiff obtains a judgment. He is entitled to the fruits of that judgment, an immediate issue of an execution to enforce without delay the payment of the amount which that final judgment has awarded to him: The defendant petitions for a review. This he may do, and obtain it, if he shows good cause, without filing any bond. The bond is

required, when he asks that the payment may be delayed until the termination of the proceedings in review. The law says, you can have that indulgence, and we will stay the execution as you request, but the plaintiff is not to be denied his present rights to have immediate execution and payment, without ample security by bond, with sureties, that his present judgment shall be paid in full, with twelve per cent. interest, unless you on review show that he was not entitled to the judgment. The bond is required to give that security; and the condition is that the original judgment shall be paid, if such should be the final judgment on review.

What did the parties understand by this condition? They must be held to have had knowledge of the law. That law plainly points out the nature and extent of the final judgment in review, in case the result should be, as it was in this case, viz., that the *judgment* and execution shall be for the *excess* and cost. It also distinctly provides that the original judgment in cases of review shall generally be given without any regard to the former judgment, except in the two cases named :— 1st, where the sum originally recovered is reduced, and 2d, where it is increased; and in each of these cases the original judgment remains, the judgment in review being for the amount of the excess or diminution. In case of diminution, and when the former judgment has not been satisfied, there may be a set-off of one *judgment* against the other. But both are distinct judgments. If the plaintiff in review obtains a verdict and judgment in his favor, and thus establishes the fact that the former judgment was entirely unjust, and ought not to have been rendered, the Court will regard the first judgment, if it has not been paid, as nullified; or rather, will, in effect, cancel it, or regard one judgment as practically off-set against the other, to prevent circuity of action. *Dunlap* v. *Burnham*, 38 Maine, 112.

It must be remembered that the question, in the case before us, does not arise in a suit upon the former judgments, as in *Dunlap* v. *Burnham;* nor upon any questions as to the excess, or the costs, or a claim for an off-set. The only question

Crehore *v.* Pike.

is what is the fair construction of the condition of this bond which the defendants signed. All other matters have been disposed of.

We are of opinion, that the condition, construed in connection with the recitals, and the statute, and the knowledge and intentions of the parties, is that, if the final judgment on review shall show, by fair intendment, that the original judgment was not erroneous, but was rightly recovered and ought to be paid by the defendant in that suit, then these defendants will "well and truly pay it, with the specified interest."

The final judgment on review does expressly state that the original plaintiff did recover, on review, a greater sum, for debt or damages, than was awarded to him on the original judgment, and gives thereupon judgment and execution for the excess and costs. This, it seems, was the only judgment that could be rendered by the Court, under the statute of 1841; and does show that the original judgment was right, and ought to be paid.

It will be observed, upon examination, that the language of the condition is, not to pay "the amount of the final judgment *on review*," as required by the Revised Statutes of 1857, but to pay the amount of the *original* judgment. This bond did not cover the judgment on review for the excess and cost. The recent statute seems to require a bond which shall cover both the original and final judgment on review, and may require hereafter a modification of the terms of the final judgment in review, to charge the signers of a bond given in conformity with the requirements of c. 89, § 4, of R. S. of 1857. The bond in question, however, is conditioned to pay the original judgment, if such shall be the final judgment on review. We have seen that this final judgment could, by the law which all the parties understood, no otherwise decree, as to the original judgment, than by recital of the fact as in this case.

It is said, in the argument, that the increase in the amount of the second verdict was only the accruing interest on the first, and that we have sufficient evidence before us that such

was the fact. If we have, we do not perceive how that fact can affect the question of maintaining the action on this bond. It might affect the question of costs on the review, and whether there was in fact an increase or diminution of the original damages. It is not contended that, in this case, there was any diminution of the original verdict, as in 2 Greenl. 397, *Kavanagh* v. *Atkins*. The only claim is that the original verdict was taken as the basis, and interest added. In any view, the original judgment remains *intact*, undiminished, and justly due; and the plaintiff here claims nothing for the excess, or costs of review.

It would seem, if it was clearly established that the difference between the first and second verdicts was only the interest on the same sum found as damages by both juries, that the excess, which has been paid, was a part of the interest, at six per cent. on the original debt. If so, then the original plaintiff will, as contended by defendant, obtain interest for a portion of the time, at 18 per cent., in case he has judgment now for the whole time since the date of the bond to the present time, at 12 per cent. But we have not sufficient facts before us to enable us to determine whether the excess was for interest or not. The plaintiff, probably, knows how the fact was, and must determine for himself whether justice and fair dealing does, or does not, require him to consider and allow the whole or a portion of that excess, as part payment of the interest. If parties do not agree on this amount of interest, the fact may be ascertained by a Judge at *Nisi Prius*, who may determine if the difference between the two verdicts was merely interest, and if so, that excess may be deducted from the amount of interest to be recovered in the suit.

Judgment for the plaintiff, for the amount of eleven hundred and eighty-three dollars and thirteen cents, and interest on that sum, at twelve per cent. per annum, from October 25, 1852, to the day of the rendition of this judgment on the bond in suit.

TENNEY, C. J., and RICE, APPLETON and DAVIS, JJ., concurred.